OPINION
{¶ 1} Relator, Michael Lee Gordon, filed an original action in mandamus requesting this court to issue a writ of mandamus ordering respondent, Honorable John P. Bessey, a judge of the Franklin County Court of Common Pleas, to rule upon three motions relator filed in case No. 01CR-06-3612. *Page 2 
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ. R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, which includes findings of fact and conclusions of law and is appended to this opinion, recommending that this court deny the requested writ. Specifically, the magistrate granted summary judgment in favor of respondent, upon determining that the motions had been ruled upon. No objections to the magistrate's decision were filed.
 {¶ 3} Finding no error on the face of the decision, we adopt the magistrate's decision, including the findings of fact and conclusions of law, as our own. Accordingly, we deny the requested writ.
Writ of mandamus denied.
KLATT and TYACK, JJ., concur. *Page 3 
 APPENDIX Rendered on December 30, 2008 MAGISTRATE'S DECISION IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT {¶ 4} In this original action, relator, Michael Lee Gordon, an inmate of the United States Penitentiary at Terre Haute, Indiana, requests a writ of mandamus ordering respondent the Honorable John P. Bessey ("respondent" or "Judge Bessey"), a judge of the Franklin County Court of Common Pleas, to rule upon three motions relator filed during March and April 2008 in case No. 01CR-06-3612. *Page 4 
Findings of Fact: {¶ 5} 1. On August 1, 2008, relator filed this original action requesting that a writ of mandamus issue against respondent Judge Bessey to compel him to rule upon three motions relator filed during March and April 2008 in case No. 01CR-06-3612.
 {¶ 6} 2. On November 10, 2008, respondent moved for leave to file his motion to dismiss the complaint.
 {¶ 7} 3. Attached to the motion to dismiss as an exhibit is a certified copy of an August 19, 2008 entry or entries filed by respondent in the Franklin County Court of Common Pleas in case No. 01CR-06-3612. In the entry or entries, Judge Bessey rules upon petitions and motions filed March 28, April 2, 9, 10 and 16, 2008.
 {¶ 8} 4. On November 19, 2008, the magistrate issued an order converting the motion to dismiss to one for summary judgment and granting leave to file the same. The magistrate also issued notice that respondent's November 10, 2008 motion for summary judgment is set for submission to the magistrate on December 8, 2008.
 {¶ 9} 5. Relator has not responded to the magistrate's notice.
Conclusions of Law: {¶ 10} It is the magistrate's decision that this court grant respondent's motion for summary judgment, as more fully explained below.
 {¶ 11} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his *Page 5 
favor. Turner v. Turner (1993), 67 Ohio St.3d 337, 339-340; Bostic v.Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 12} Civ. R. 56(E) states, in part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
 {¶ 13} Based upon the certified entry of respondent, summary judgment is appropriate here. Respondent has performed the act which relator seeks to compel in this action.
 {¶ 14} Accordingly, it is the magistrate's decision that this court grant respondent's motion for summary judgment. *Page 1